[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO REARGUE AND VACATE DISMISSAL
Plaintiffs' in the above-entitled action, move to vacate and set aside the decision entered by the court June 9, 1993, dismissing plaintiffs' appeal and in arrest of any judgement [judgment] of dismissal CT Page 6366 to be entered thereon for the following reasons:
1. The decision dismissing plaintiffs' appeal is contrary to the evidence and contrary to law in that, among other reasons:
a. It fails to mention or apply the applicable provisions of section 8-8(i) of the Connecticut General Statutes.
b. It repeatedly confuses action by the staff of the Planning and Zoning Commission with action of the Commission itself.
c. It fails to apply the provisions of the Town of Greenwich Municipal Code making the Planning and Zoning Board of Appeals the ultimate authority on the issue of subdivision or resubdivision which precludes the Commission from reversing an action by the Board of Appeals.
d. It makes a finding that the Commission changed it's opinion whereas there is no evidence that the Commission ever took a position it could change.
e. The court searched the record to support the Boards finding, when the actual finding of the majority of the Board of Appeals was contrary to the conclusion the court reached after it searched the record.
f. The court confuses the particular function of the Board of Appeals with that of the Zoning Commission on review of subdivisions as applied within the Town of Greenwich pursuant to it's charter.
g. The court imposed an obligation on plaintiffs' to appeal an action of the Commission when there is no record that the Commission took any action or official action and notification of the Commissions action was done privately by letters and correspondence.
2. The Court erred in finding that the decision not to revoke the previously revoked, but reinstated, permit is neither illegal or arbitrary.
3. The Court misconstrued the law in determining that the reinstatement of the permit was not an unlawful usurpation of the authority of the Zoning Board of Appeals of the Town of Greenwich.
4. The Court erred in finding that plaintiffs' failed to CT Page 6367 demonstrate that their due process claim concerning the lack of hearing and notice by the Commission was insufficient to sustain the appeal from the Board's decision.
5. The Court erred in failing to find for the plaintiffs on the First, Second, Third and Fourth Claims.
6. The court made multiple pivotal findings without evidentiary support in the record.
THE PLAINTIFFS
 By __________________________ Miles E. McDonald, Jr. Ivey, Barnum O'Mara #28682 170 Mason Street P.O. Box 1689 Greenwich, Connecticut 06836 (203) 661-6000
The foregoing motion having been heard, it is hereby DENIED.
THE COURT
 By P. Higgins (Ryan, J.) Asst. Clerk
CERTIFICATION
I hereby certify that a true copy of the foregoing was mailed on June 15, 1993 to all counsel and pro se parties of record:
 ______________________________ Miles F. McDonald, Jr.